UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Frank F. Eustice, Jr.                    Docket Number: 05-cr-00554-MSK-01

**Petition on Probation and Supervised Release**

      COMES NOW, Lynn J. Matesi, probation officer of the Court, presenting an official report upon the conduct and attitude of Frank F. Eustice, Jr., who was placed on supervision by the Honorable Vicki Miles-LaGrange, sitting in the Court in the Western District of Oklahoma, on the 24th day of August, 2005, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall perform 100 hours of community service to be completed within the first year of probation, as directed by the probation office.

2. The defendant shall pay restitution in the amount of $5,819.80.  If restitution is not paid in full at the time of placement on probation, the defendant shall make payments the greater of $100.00 per month or not less than 10% of the defendant's gross monthly income as directed by the probation officer.  Payments are to commence no later than 30 days after placement on probation.  Payments shall be forwarded to the U.S. Court Clerk for distribution to the victim(s).

A urinalysis submitted on October 3, 2005, was positive for methamphetamine.  On November 16, 2005, the Western District of Oklahoma obtained a modification to include the following:

      The defendant shall participate in a program of substance abuse aftercare, as directed by the probation officer.  The defendant shall totally abstain from the use of alcohol or any other intoxicants both during and after completion of any treatment program.  The defendant my be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

On December 14, 2005,  jurisdiction was transferred from the Western District of Oklahoma to the District of Colorado, and the case was assigned to your Honor.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of probation to include the following:

1. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the costs of treatment, as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

2. The defendant shall remain medication compliant and shall take all psychiatric medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or his supervising probation officer to ensure that a therapeutic level of his prescribed medication is maintained.

ORDER OF THE COURT

Considered and ordered this 16th day of May, 2006, and ordered filed and made a part of the record in the above case.

s/Marcia S. Krieger
Marcia S. Krieger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Lynn J. Matesi
Lynn J. Matesi
U.S. Probation Officer
Place: Colorado Springs, Colorado

Date: May 3, 2006

**ATTACHMENT**

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the Conditions of Probation signed by the defendant on August 24, 2005 and September 7, 2005. His signature acknowledged that the conditions had been read and explained to him, that he fully understood said conditions, and that he was provided with a copy of them. The term of Probation commenced August 24, 2005.

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by the defendant and defense counsel, which waives the right to a hearing and agrees to the proposed modification of the conditions of Probation.

This is the third report to the Court regarding Mr. Eustice's use of methamphetamine. After his second positive result, he was transferred to intensive outpatient group counseling at Bridge to Awareness in March 2006, and was instructed to continue with weekly individual counseling sessions. He has attended group counseling consistently, but due to scheduling conflicts with his counselor he has not been able to attend individual counseling weekly. However, the defendant has taken the initiative to make emergency appointments when having a difficult time.

This report also serves to notify the Court that Mr. Eustice has only paid $300.00 toward his restitution. He made a $200.00 payment in February 2006, and a $100.00 payment in April 2006. Additionally, I had directed the defendant to complete at least 10 hours a month of community service. I have been unable to verify current hours at this time. However, he did not begin doing any community service hours until February 2006, and admits he has not been completing 10 hours per month since that time.

A urinalysis submitted by the defendant on March 7, 2006, was positive for methamphetamine. The positive urine specimen was confirmed by laboratory technicians with Kroll Laboratories and registered a methamphetamine level of 698ng. The GC/MS results received on April 12, 2006, for the March 20, 2006, sample came back negative for methamphetamine. While waiting for the results of the March 20th test, I spoke to the defendant's counselor at Bridge to Awareness, who was not surprised with the positive results. The counselor advised he believed that Mr. Eustice was working toward a drug-free life style, but was really struggling with issues. The counselor expressed concern about the defendant appearing depressed and thought the defendant could benefit from a psychiatric evaluation and may possibly need medication.

On April 4, 2006, I met with the defendant to discuss the positive tests, his delinquent restitution payments and community service hours. The defendant admitted to using methamphetamine on or about March 18, 2006, but could not recall if he had used such on or about March 7, 2006. The defendant acknowledged that he has a problem with methamphetamine and wants to participate in counseling so that he can remain drug-free. Mr. Eustice admitted to feeling depressed and overwhelmed with many things in his life. I discussed options with the defendant and explained that I wanted to add mental health conditions to his terms of supervision. I also discussed the possibility of him going to a community corrections center (ComCor). While he was amenable to the mental health conditions, he was very hesitant and concerned about the community corrections placement.

During this meeting, the defendant's delinquent restitution payments and community service hours were discussed. Mr. Eustice has been maintaining sporadic employment in the concrete/construction business and meeting his monthly financial responsibilities has been somewhat difficult. However, he appears to be maintaining more stable hours now (due to weather) and was again instructed to make monthly restitution payments of not less than $100 or 10% of his gross monthly income; whichever is greater. Mr. Eustice had no explanation as to why he has not been completing his community service hours. He has now been directed to complete at least 15 hours per month.

An Order Appointing a Federal Public Defender was obtained, and on May 1, 2006, I spoke to Attorney Virginia Grady of the Federal Public Defenders Office regarding the defendant's situation.  Given the concern about the defendant's mental health status, it was decided that at this time, the modification would only include mental health conditions.  If Mr. Eustice has mental health issues, placing him in a community corrections center may not be beneficial for him at this time.  It is noted that the defendant's parents are planning to move to the Colorado Springs area in the near future, and the defendant plans on living with them.  I believe this situation will be very beneficial for the defendant.

Based on the aforementioned, I concur that the defendant should participate in a psychiatric evaluation and comply with medications, if recommended.  As reflected on the attached Waiver of Hearing to Modify Conditions of Probation executed by the defendant and defense counsel, all parties are in agreement to the proposed modification.