UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Frank F. Eustice, Jr.                                              Docket Number: 05-cr-00554-MSK-01

**Petition on Probation and Supervised Release**

      COMES NOW, Lynn J. Matesi, probation officer of the Court, presenting an official report upon the conduct and attitude of Frank F. Eustice, Jr., who was placed on supervision by the Honorable Vicki Miles-LaGrange, sitting in the Court in the Western District of Oklahoma, on the 24th day of August, 2005, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall perform 100 hours of community service to be completed within the first year of probation, as directed by the probation office.

2. The defendant shall pay restitution in the amount of $5,819.80.  If restitution is not paid in full at the time of placement on probation, the defendant shall make payments the greater of $100.00 per month or not less than 10% of the defendant's gross monthly income as directed by the probation officer.  Payments are to commence no later than 30 days after placement on probation.  Payments shall be forwarded to the U.S. Court Clerk for distribution to the victim(s).

A urinalysis submitted on October 3, 2005, was positive for methamphetamine.  On November 16, 2005, the Western District of Oklahoma obtained a modification to include the following:

    The defendant shall participate in a program of substance abuse aftercare, as directed by the probation officer.  The defendant shall totally abstain from the use of alcohol or any other intoxicants both during and after completion of any treatment program.  The defendant my be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

On December 14, 2005, jurisdiction was transferred from the Western District of Oklahoma to the District of Colorado, and the case was assigned to your Honor.

On May 16, 2006, a modification was obtained to include the following:

1. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the costs of treatment, as directed by the probation officer.  The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

2. The defendant shall remain medication compliant and shall take all psychiatric medications that are prescribed by his treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or his supervising probation officer to ensure that a therapeutic level of his prescribed medication is maintained.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER a modification of the defendant's conditions of probation to include the following:

The defendant shall be placed on home detention for a period of 90 days, to commence on a date as directed by the probation officer. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

### ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 7th day of August, 2006, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Lynn J. Matesi |
| | Lynn J. Matesi |
| | U.S. Probation Officer |
| s/Marcia S. Krieger | Place: Colorado Springs, Colorado |
| Marcia S. Krieger | |
| United States District Judge | Date: August 4, 2006 |

**ATTACHMENT**

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the Conditions of Probation signed by the defendant on August 24, 2005, and September 7, 2005. His signature acknowledged that the conditions had been read and explained to him, that he fully understood said conditions, and that he was provided with a copy of them. The term of Probation commenced August 24, 2005.

Attached hereto as <u>Exhibit B</u> and incorporated by reference is a signed statement executed by the defendant and defense counsel, which waives the right to a hearing and agrees to the proposed modification of the conditions of Probation.

This is the third report to this Court regarding Mr. Eustice's use of methamphetamine. Urinalysis' submitted by the defendant on June 29, 2006, July 6, 2006, and July 11, 2006, were positive for methamphetamine. These positive urine specimens were confirmed by laboratory technicians with Kroll Laboratories, with the following respective methamphetamine levels: 4,406ng, 994ng, and 7,073ng. When confronted on the positive test results, the defendant admitted he had gone on a "binge," using methamphetamine a few times a week from approximately June 26, 2006, to July 11, 2006.

After the defendant's second positive result in January 2006, he was transferred to intensive outpatient group counseling at Bridge to Awareness and began such in March 2006. He also continued attending individual counseling sessions. In May 2006, a mental health aftercare condition was added to his conditions of supervision due to the therapist's concern that the defendant was having depression issues, and because the defendant had used methamphetamine again on March 7, 2006. On June 18, 2006, Bridge to Awareness completed a Mental Health Evaluation. The evaluation recommended he continue with group substance abuse counseling, continue to participate in bi-weekly individual counseling (to be evaluated after three months), and if depression issues arise again, the defendant was to see the psychiatrist at Bridge to Awareness. The therapist felt the defendant's past experience with depression had been situational.

On July 18, 2006, I met with the offender and his father to discuss his relapse. Since being placed on probation, Mr. Eustice has minimized his use of methamphetamine and has had difficulty recognizing his addiction to the drug. However, during our meeting, the defendant confessed to his father that he had been using methamphetamine for the past two years. The defendant expressed frustration with himself for relapsing after having been drug-free for approximately three months. He reported he really wanted to live a drug-free lifestyle and is starting to become more aware of his issues with methamphetamine.

In order to provide more support to the defendant, his parents recently moved to Colorado Springs, Colorado, and the defendant is now living with them. This appears to be a positive move for the defendant as he and his parents have a close relationship, and the defendant has no other significant ties to the area. While his parents knew the defendant was having some issues, they did not realize how serious they were or that they involved the use of methamphetamine. His parents are disappointed in his actions, but they are willing to be supportive; granted the defendant take his sobriety seriously.

I also met with the defendant and his therapist at Bridge to Awareness on July 24, 2006. During the meeting, the defendant appeared to be open and honest about his use and desire to maintain a drug-free lifestyle. During the meeting, the defendant discussed some future goals and issues he would like to address in counseling. It was decided the defendant was to continue to attend weekly group counseling, begin to attend weekly individual counseling, and attend two 12-step meetings a week.

It is also noted, that since the last report to the Court in May, 2006, the defendant has been completing 20-40 hours a month of community service, and making his monthly restitution payments of $100.00. He is currently employed with Pioneer Sand and Gravel, earning $16.00 an hour.

Returning the defendant to Court at this time certainly could be justified; however, based on the aforementioned and the fact that I believe the defendant is now in a supportive environment at his parents' residence, I recommend he be placed on Home Confinement for a period of 90 days. This will provide a consequence for the defendant, while allowing him to continue to participate in substance abuse counseling to work toward living a drug-free lifestyle. The defendant has been advised that another positive urinalysis test will result in a Petition to Revoke being submitted to the Court.

An Order Appointing a Federal Public Defender was obtained. Attorney Virginia Grady of the Federal Public Defenders Office spoke to the defendant regarding his situation, and is supportive of the modification at this time.

Based on the aforementioned, I recommended that the defendant participate in the home confinement program for a period of 90 days. As reflected on the attached Waiver of Hearing to Modify Conditions of Probation executed by the defendant and defense counsel, all parties are in agreement to the proposed modification.