UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. FRANK F. EUSTICE, JR.                    Docket Number: 05-cr-00554-MSK-01

**Petition on Probation**

   COMES NOW, Lynn J. Matesi, probation officer of the Court, presenting an official report upon the conduct and attitude of Frank F. Eustice, Jr., who was placed on supervision by the Honorable Vicki Miles-LaGrange, sitting in the Court in the Western District of Oklahoma, on the 24th day of August, 2005, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall perform 100 hours of community service to be completed within the first year of probation, as directed by the probation office.

2. The defendant shall pay restitution in the amount of $5,819.80. If restitution is not paid in full at the time of placement on probation, the defendant shall make payments the greater of $100.00 per month or not less than 10% of the defendant's gross monthly income as directed by the probation officer. Payments are to commence no later than 30 days after placement on probation. Payments shall be forwarded to the U.S. Court Clerk for distribution to the victim(s).

A urinalysis submitted on October 3, 2005, was positive for methamphetamine. On November 16, 2005, the Western District of Oklahoma obtained a modification to include the following:

   The defendant shall participate in a program of substance abuse aftercare, as directed by the probation officer. The defendant shall totally abstain from the use of alcohol or any other intoxicants both during and after completion of any treatment program. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

On December 14, 2005, jurisdiction was transferred from the Western District of Oklahoma to the District of Colorado, and the case was assigned to your Honor.

On May 16, 2006, a modification was obtained to include the following:

1. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the costs of treatment, as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

2. The defendant shall remain medication compliant and shall take all psychiatric medications that are prescribed by his treating psychiatrist. The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or his supervising probation officer to ensure that a therapeutic level of his prescribed medication is maintained.

Due to the defendant's on-going use of methamphetamine and testing positive for such three more times in June and July, 2006, a modification was obtained to include the following:

1. The defendant shall be placed on home detention for a period of 90 days, to commence on a date as directed by the probation officer. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for a violation hearing set for February 1, 2007.

### ORDER OF THE COURT

Considered and ordered this 5th day of January, 2007, and ordered filed under seal and made a part of the record in the above case.

s/Marcia S. Krieger

Marcia S. Krieger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Lynn J. Matesi

Lynn J. Matesi
United States Probation Officer

Place: Colorado Springs, Colorado

Date: January 4, 2007

**ATTACHMENT**

On August 24, 2005, and September 7, 2005, the conditions of supervised release/probation were read and explained to the defendant. On that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release/probation commenced on August 24, 2005.

The defendant has committed the following violations of probation:

1.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about October 3, 2005, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On October 3, 2005, the defendant provided a urine specimen at Bridge To Awareness (BTA). The specimen tested positive for methamphetamine. On October 4, 2005, the defendant admitted to me that he used methamphetamine on or about September 28, 2005.

As a result of the positive drug test, jurisdiction was transferred from the Western District of Oklahoma to the District of Colorado, and substance abuse treatment conditions were added to his supervision conditions. The defendant attended his intake evaluation at BTA in December 2005, and on January 3, 2006, he began BTA's 12 week Relapse Prevention Group.

2.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about January 11, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On January 11, 2006, the defendant provided a urine specimen at Bridge To Awareness (BTA). The specimen tested positive for methamphetamine. On January 23, 2006, the defendant admitted to me that he used methamphetamine on or about January 9, 2006.

As a result of the positive drug test, treatment was increased to include weekly individual and group treatment.

3.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about March 7, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On March 7, 2006, the defendant provided a urine specimen at Bridge To Awareness (BTA). The specimen tested positive for methamphetamine. On April 4, 2006, the defendant told me he did not recall using methamphetamine on or about March 7, 2006. However, he did admit to using methamphetamine on or about March 18, 2006. It is noted that a urine specimen submitted by the defendant on March 20, 2006, showed an initial positive for amphetamine. However, a GCMS test showed a negative result for methamphetamine.

As a result of the positive drug test, weekly individual and group treatment continued. Also, due to the defendant discussing depression issues and based on the recommendation from his BTA counselor, mental heath treatment and medication monitoring conditions were added to his conditions (May 2006). It is noted that BTA completed a Mental Health Evaluation; however, the defendant never was seen by the psychiatrist as the therapist felt the defendant's depression was more situational and recommended the defendant continue with individual and group counseling.

4.      **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about June 29, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On June 29, 2006, the defendant provided a urine specimen at Bridge To Awareness (BTA). The specimen tested positive for methamphetamine. On July 18, 2006, the defendant admitted to me that he had used methamphetamine on a few occasions during the three week period of June 29, 2006, to July 11, 2006.

As a result of the positive drug test and his admission, weekly individual and weekly group treatment continued. The defendant began participating in the Meth Matrix group at BTA. The defendant was also instructed to attend at least one 12-step meeting a week. At this time, I informed the defendant that any further illegal drug use would result in the request of a warrant. Additionally, the defendant's conditions were modified to include 90 days of home detention. The home detention commenced on September 14, 2006, and ended December 12, 2006. It is noted that the defendant was compliant with the conditions of the home detention program. The defendant has been participating in weekly group treatment. However, due to the probation office changing treatment vendors (from Bridge to Awareness to Confidential Health Consultants), and some mis-communication, the defendant had not been attending individual counseling since October 1, 2006. He had his first individual session on December 11, 2006. He has been consistent in participating in weekly group treatment.

5.      **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about July 6, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On July 6, 2006, the defendant provided a urine specimen at Bridge To Awareness (BTA). The specimen tested positive for methamphetamine. On July 18, 2006, the defendant admitted to me that he had used methamphetamine on a few occasions during the three week period of June 29, 2006, to July 11, 2006.

As a result of the positive drug test and his admission, weekly individual and group treatment continued. The defendant began participating in the Meth Matrix group at BTA. The defendant was also instructed to attend at least one 12-step meeting a week. At this time, I informed the defendant that any further illegal drug use would result in the request of a warrant. Additionally, the defendant's conditions were modified to include 90 days of home detention. The home detention commenced on September 14, 2006, and ended December 12, 2006. It is noted that the defendant was compliant with the conditions of the home detention program. The defendant has been participating in weekly group treatment. However, due to the probation office changing treatment vendors (from Bridge to Awareness to Confidential Health Consultants), and some mis-communication, the defendant had not been attending individual counseling since October 1, 2006. He had his first individual session on December 11, 2006. He has been consistent in participating in weekly group treatment.

6.      **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about July 11, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On July 11, 2006, the defendant provided a urine specimen at Bridge To Awareness (BTA). The specimen tested positive for methamphetamine. On July 18, 2006, the defendant admitted to me that he had used methamphetamine on a few occasions during the three week period of June 29, 2006, to July 11, 2006.

As a result of the positive drug test and his admission, weekly individual and group treatment continued. The defendant began participating in the Meth Matrix group at BTA. The defendant was also instructed to attend at least one 12-step meeting a week. At this time, I informed the defendant that any further illegal drug use would result in the request of a warrant. Additionally, the defendant's conditions were modified to include 90 days of home detention. The home detention commenced on September 14, 2006, and ended December 12, 2006. It is noted that the defendant was compliant with the conditions of the home detention program. The defendant has been participating in weekly group treatment. However, due to the probation office changing treatment vendors (from Bridge to Awareness to Confidential Health Consultants), and some mis-communication, the defendant had not been attending individual counseling since October 1, 2006. He had his first individual session on December 11, 2006. He has been consistent in participating in weekly group treatment.

7.      **POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about November 21, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On November 21, 2006, the defendant provided a urine specimen at Confidential Health Consultants (CHC). The specimen tested positive for methamphetamine. I met with the defendant on December 12, 2006. While I did not confront the defendant on this positive test, I did provide him the opportunity to admit to this relapse. I asked him if there was anything going on that I should know about and he replied that he couldn't think of anything, and indicated that things were going well. I questioned him about the last day he used methamphetamine. The defendant stated he could not remember, but thought it was in April, 2006.

8.      P**OSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about December 7, 2006, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed to him by a physician, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On December 7, 2006, the defendant provided a urine specimen at Confidential Health Consultants (CHC). The specimen tested positive for methamphetamine (574 ng). I met with the defendant on December 12, 2006. While I did not confront the defendant on this positive test, I did provide him the opportunity to admit to this relapse. I asked him if there was anything going on that I should know about and he replied that he couldn't think of anything, and indicated that things were going well. I questioned him about the last day he used methamphetamine. The defendant stated he could not remember, but thought it was in April, 2006.